IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Noemi Vasarhelyi, | Case No. 3:07 CV 1459 |
| Plaintiff, | ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| City of Fremont (Ohio) Police Department, et al., | |
| Defendants. | |

### INTRODUCTION

The Court conducted a hearing on the record on December 21, 2007. Counsel present: George Royer for Plaintiff; Teresa Grigsby for Defendants City of Fremont Police Department and Sandusky County Children Services Board; and Frank Stigari for Defendant State of Ohio (by phone). At the conclusion of the hearing, the Court granted Defendants' several Motions to Dismiss. This Order supplements the reasons given on the record for the dismissal.

**I.  Defendant State of Ohio's Motion to Dismiss (Doc. No. 12)**

The first matter before the Court is Defendant State of Ohio's Motion to Dismiss for lack of subject matter jurisdiction under Federal Civil Rule 12(b)(1). Under that Rule, the Court must accept all factual allegations in the Complaint as true, but Plaintiff bears the burden of proving subject-matter jurisdiction exists.

Plaintiff believes Defendants violated her rights under federal and state Constitutions when the City of Fremont Police Department and Sandusky County Children Services removed her and her sister from their parents' home. Plaintiff was placed in shelter custody foster care and ultimately, as a teenager, adopted. Defendant State of Ohio claims it should be dismissed because it is immune from this lawsuit under the Eleventh Amendment to the U.S. Constitution.

No state officials are named in this lawsuit -- only four local government officials. Plaintiff's counsel admitted at the hearing that no state actors had been identified. Further, Ohio neither consented to this lawsuit nor had its immunity abrogated.

The State of Ohio generally enjoys immunity from lawsuits under the Eleventh Amendment of the U.S. Constitution. More specifically, federal judicial power does not extend to lawsuits against non-consenting States, as the U.S. Supreme Court held in *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000) and *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

Plaintiff does not allege the State of Ohio has in any manner consented to being sued in federal court. In his Opposition, Plaintiff points to case law holding a state official cannot be protected by the state's immunity to suit in federal court if he or she violates the U.S. Constitution. However, as Plaintiff's counsel conceded, Plaintiff is suing the State of Ohio, not its officials. Therefore, the case of *Scheuer v. Rhodes*, 416 U.S. 232 (1974), cited by Plaintiff, does not control this situation and does not provide subject-matter jurisdiction. The U.S. Supreme Court held in *Will v. Michigan State Police*, 491 U.S. 58 (1989), that a State is not a "person" as described in 42 U.S.C. § 1983 and therefore is not subject to suit under the civil rights statute.

Accordingly, Defendant State of Ohio's Motion to Dismiss is well-taken and granted.

**II.     Defendants' Motions for Judgment on the Pleadings (Doc. Nos. 19-20)**

Also before the Court are the Motions for Judgment on the Pleadings of Defendants Fremont Police Department and Sandusky County Children Services Board -- the "Fremont Defendants."

Each Fremont Defendant argues the action should be dismissed because the "repetitive and conclusory allegations of the Complaint do not state a valid cause of action" and "also is time-barred and improperly asks the Court to review a final state court order." Although Plaintiff alleges twelve causes of action, the crux of her Complaint is that she was wrongly removed from her parents' home. That removal took place in June 1999. She challenges that removal and her ultimate adoption, and seeks a declaratory judgment vacating the adoption.

The statute of limitations for claims brought under 42 U.S.C. § 1983 borrow from the state statute of limitations; specifically, in this case, Ohio's statute of limitations for personal injury actions is Ohio Revised Code § 2305.10 which specifies a two-year limitation period. (Plaintiff counsel's argument for a longer period is without support and contrary to legal precedent from this Court and the Sixth Circuit.) However, the Court must look to the state tolling statutes as well. Ohio Revised Code § 2305.16 tolls the statute of limitations where the claimant is a minor. Therefore, the two-year statute of limitations specified by Ohio Revised Code § 2305.10 began when Plaintiff turned eighteen on July 2, 2004, a date conceded by Plaintiff's counsel. The statute of limitations for her claim necessarily expired on July 2, 2006. This case was filed May 18, 2007, almost a year after the statute of limitations ran.

Likewise, Ohio Revised Code § 2744.04(A) applies a two-year statute of limitations to claims brought against political subdivisions, including the Fremont Defendants. Following the same tolling provisions as previously stated, Plaintiff had until July 2, 2006 to file her state law claims, and the

3

case was not filed until May 18, 2007.  Therefore, Plaintiff's claims against the Fremont Defendants are dismissed.

In the alternative, the *Rooker-Feldman* doctrine precludes this Court from reviewing the validity of state court judgments, and that doctrine has been applied by the Sixth Circuit to preclude review of juvenile matters of state court rulings on issues such as custody and adoption. (See cases cited at Doc. No. 20, p. 4).  Plaintiff requests that this Court vacate the state court judgments for protective custody and adoption; but this Court does not have jurisdiction to award such a remedy, and for this reason too Plaintiff's claims must be dismissed..

## CONCLUSION

For all the above reasons, this case is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 28, 2007